USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:____12/5/2025____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW T. MURPHY,

                    Plaintiff,

        -against-

NEW YORK CITY POLICE DEPARTMENT and
THE CITY OF NEW YORK,

                    Defendants.

23-CV-11235 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff Matthew Murphy ("Murphy") is a former officer of the New York City Police Department ("NYPD") who brings this action against the NYPD and the City of New York (the "City" and, together with the NYPD, "Defendants"). The First Amended Complaint ("Complaint" or "FAC") asserts claims for religious discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL") in connection with allegations that Defendants wrongfully terminated Murphy for failing to comply with a policy requiring City employees to receive the COVID-19 vaccine. Defendants move to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is GRANTED in part and DENIED in part.

1

## BACKGROUND[1]

On October 20, 2021, the City's Commissioner of Health and Mental Hygiene issued an order requiring City employees to receive a COVID-19 vaccine (the "Vaccine Mandate"). FAC ¶ 21. Murphy was employed by the NYPD as a police officer at the time. *Id.* ¶¶ 6, 18. Citing religious beliefs that conflicted with the Vaccine Mandate, Murphy submitted a Reasonable Accommodation Application (the "Application") to Defendants on October 26, 2021. *Id.* ¶ 24; *see also* Dkt. No. 18-2 ("App."). In the Application, Murphy identified himself as a "devout Christian" who "interpreted the Scripture to prohibit the practice of vaccinating." App. at 7. Specifically, he stated that he believed "[God's] Word is guiding [him] to avoid all vaccinations because they are unclean and unholy and show a lack of faith in His Word." *Id.* at 8. He quoted a dozen passages from the Bible, which he said affirmed his beliefs. *See id.* at 9– 10 ("If anyone defiles the temple of God, God will destroy him. For the temple of God is holy, which temple you are.") (quoting 1 Corinthians 3, 17). Accordingly, he asserted that complying with the Vaccine Mandate would violate his "sincerely held religious beliefs" and that he "cannot and will not submit to any vaccinations." *Id.* at 8.

The NYPD denied the Application on April 12, 2022. FAC ¶ 31. As an essential worker, Murphy had continued to work while the Application was pending, taking weekly COVID tests and wearing a mask. *Id.* ¶ 30–31. Murphy alleges that Defendants never discussed potential accommodations with him, such as continuing the weekly testing and masking, before denying

---

[1] The facts stated herein, which are assumed true for the purposes of this Opinion, are taken from the First Amended Complaint ("FAC") (Dkt. No. 18) and the documents incorporated in or integral to the FAC. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

the Application. *Id.* Murphy was terminated on April 22, 2022, for failing to comply with the Vaccine Mandate as a condition of his employment.[2] *Id.* at 31, 53.

Based on these events, Murphy filed this lawsuit on December 27, 2023. After Defendants moved to dismiss the initial complaint, Dkt. No. 13, Murphy amended his complaint in response to the motion, Dkt. No. 18. The Complaint brings claims for: (1) "disparate treatment/failure to accommodate" under Title VII; (2) disparate impact under Title VII; (3) failure to accommodate under NYSHRL; and (4) failure to accommodate under NYCHRL. The Complaint incorporates and reiterates the beliefs stated in Murphy's Application. *See* FAC ¶¶ 25–29.

## DISCUSSION

## I.    STANDARD OF REVIEW

When resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiffs' favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).[3] Thus, "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* The Court's function on a motion to dismiss is "not to weigh the

---

[2] Plaintiff does not allege that he sought reinstatement at any time when proof of vaccination was no longer required as a condition of employment. *See* Dkt. No. 23 at 5.

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

3

evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

## II.     THE NYPD AS A DEFENDANT

As an initial matter, Defendants argue that the NYPD must be dismissed because it is not a suable entity. They are correct. The New York City Charter states that: "All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter Ch. 17 § 396. Based on that provision, courts have repeatedly held that the NYPD lacks the capacity to be sued. *See Chinchilla v. N.Y.C. Police Dep't*, No. 23-CV-08986 (DEH), 2024 WL 3400526, at *11 (S.D.N.Y. July 12, 2024) ("The NYPD, as a city agency, is not a suable entity." (quoting *Paige-El v. Herbert*, 735 F. App'x 753, 755 (2d Cir. 2018))). Accordingly, all claims against the NYPD are dismissed.

## III.    RELIGIOUS DISCRIMINATION CLAIMS

### A. Title VII Claims

Title VII creates two causes of action for employment discrimination, making it unlawful for an employer:

> (1) to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate or classify employees in any way which would deprive or tend to deprive any individual of employment opportunities, or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

*See* 42 U.S.C. §§ 2000e–2(a)(1)-(2). The first provision provides for "disparate treatment" claims, and the second provides for "disparate impact" claims. *E.E.O.C. v. Abercrombie & Fitch*

*Stores, Inc.*, 575 U.S. 768, 771 (2015) (noting that "[t]hese two proscriptions . . . are the only causes of action under Title VII").  Here, Murphy brings both.

### 1. Murphy Sufficiently Pleads a Disparate Treatment Claim on a Theory of Failure to Accommodate

Murphy styles his first cause of action as "Disparate Treatment/Failure to Accommodate on the Basis of Religion."  FAC at 8.  Title VII imposes an obligation on an employer "to accommodate the religious practice of their employees unless doing so would impose an 'undue hardship on the conduct of the employer's business.'"  *Groff v. DeJoy*, 600 U.S. 447, 453–54 (2023) (quoting 42 U.S.C. § 2000e(j)).  A plaintiff may bring a disparate treatment claim based on their employer's failure to accommodate their religious beliefs, *see Abercrombie & Fitch Stores, Inc.*, 575 U.S. at 775, and the Court construes Murphy's Complaint to do so here.

To survive a motion to dismiss on such a claim, a plaintiff "must plausibly allege that (1) he or she held a bona fide religious belief conflicting with an employment requirement; (2) he or she informed his or her employers of this belief; and (3) he or she was disciplined for failure to comply with the conflicting employment requirement."  *D'Cunha v. Northwell Health Sys.*, No. 23-476-CV, 2023 WL 7986441, at *2 (2d Cir. Nov. 17, 2023).  Murphy meets that burden. The Complaint alleges that Murphy's sincerely held religious beliefs conflicted with the Vaccine Mandate, that he informed Defendants of his beliefs by submitting the Application, and that he was ultimately terminated for failing to comply with the Vaccine Mandate.  Those allegations are sufficient to state a claim at this threshold stage. *See Rizzo v. N.Y.C. Dep't of Sanitation*, No. 23-CV-7190 (JMF), 2024 WL 3274455, at *2 (S.D.N.Y. July 2, 2024) (denying a motion to dismiss where the complaint alleged facts substantially similar to this case).

The City advances no valid argument to the contrary.  It contends that Murphy alleges only "personal preferences" or "opinions" rather than bona fide religious beliefs.  *See* Dkt. No.

28 ("Opp.") at 8–10.  But Murphy clearly explains his belief that vaccinations disobey "God's Word," and the Complaint and Application are replete with references to religious teachings that Murphy contends obligate him to reject vaccines.  *See, e.g.*, FAC ¶¶ 25–29.  The well-pleaded connection between Murphy's interpretation of religious texts and his refusal to receive the COVID-19 vaccine is sufficient at this stage to allege bona fide religious beliefs that conflict with an employment requirement.  *See Rizzo*, 2024 WL 3274455, at *2 (holding that "repeated reference to Christian Scripture" and allegations that religious teachings compel the plaintiff to reject medical intervention are "more than enough to satisfy the first and second prongs of the *prima facie* test at [the motion to dismiss] stage.").

The City also argues that Murphy was terminated for failure to meet a lawful condition of his employment, and therefore he was not "disciplined" for purposes of the third prong of the pleading burden for failure-to-accommodate claims.  The City's argument relies wholly on inapposite law, including cases which have merely determined that vaccination is a lawful condition of employment in the context of due process challenges.  *See* Dkt. No. 23 at 7 (citing portions of *Kane v. DeBlasio*, 623 F. Supp. 3d 339, 363 (S.D.N.Y. 2022)) and other cases holding that the City's termination of certain employees who failed to comply with a vaccination requirement—a condition of employment—comported with due process).  In the context of Title VII failure-to-accommodate claims, the City's argument that termination is not discipline "is just flat wrong."  *Rizzo*, 2024 WL 3274455 at *3; *see also Scodtt v. City of New York*, No. 1:24-CV-02132 (MKV), 2025 WL 2530560, at *6 (S.D.N.Y. Sept. 3, 2025) (adopting *Rizzo*'s holding and noting that "[n]umerous courts in this Circuit have concluded the same").  Rather, "[a]s courts in this Circuit have explained, a plaintiff's complaint that [his] defendant-employer . . . terminated [his] employment because [he] did not take the required COVID-19 vaccine due to conflicting

sincerely held religious beliefs is 'sufficient to plead the final element of the *prima facie* case of religious discrimination for failure to accommodate.'" *Mumin v. City of New York*, 760 F. Supp. 3d 28, 46 (S.D.N.Y. 2024) (quoting *Jackson v. N.Y. State Off. of Mental Health*, No. 23-CV-04164 (JMA), 2024 WL 1908533, at *6 (E.D.N.Y. May 1, 2024)).

### 2. Murphy Fails to Plead a Disparate Impact Claim

Murphy's Opposition does not address Defendants' argument that the Complaint fails to plead a disparate impact claim. *See* Dkt. No. 28. Murphy has therefore abandoned that claim. *See Farag v. XYZ Two Way Radio Serv., Inc.*, No. 22-1795, 2023 WL 2770219, at *2 (2d Cir. Apr. 4, 2023) ("In a counseled case, 'a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned.'") (quoting *Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014)).

Even if Murphy had not abandoned it, the disparate impact claim must be dismissed because the Complaint fails to allege the facts necessary to support it. "To adequately plead a *prima facie* case of disparate impact discrimination, a plaintiff is required 'to (1) identify a specific employment practice or policy; (2) demonstrate that a disparity exists; and (3) establish a causal relationship between the two.'" *Shih v. Broadway League*, No. 23-CV-08035 (JPC) (RWL), 2025 WL 1890608, at *4 (S.D.N.Y. July 8, 2025) (quoting *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 151 (2d Cir. 2012)). "The basis for a successful disparate impact claim involves a comparison between two groups—those affected and those unaffected by the facially neutral policy." *Watson v. N.Y. Pressman's Union No. 2*, 444 F. App'x 500, 501 (2d Cir. 2011). "A disparate impact plaintiff must establish that a comparison between individuals affected and unaffected by the questioned policy reveals 'that although neutral, the policy in question imposes a significantly adverse or disproportionate impact on a protected group of individuals.'" *Brown*

*v. S. Shore Univ. Hosp.*, 762 F. Supp. 3d 191, 207 (E.D.N.Y. 2025) (quoting *Rizzo*, 2024 WL 3274455, at *4).

Here, the Complaint is devoid of allegations regarding any comparator group, let alone allegations demonstrating a disparity between a comparator group and the individuals in Murphy's protected class. Murphy therefore falls well short of his burden to "identify members of a protected group that are affected by the neutral policy and then identify similarly situated persons who are unaffected by the policy." *Watson*, 444 F. App'x at 501; *see also Rizzo*, 2024 WL 3274455, at *5 (dismissing a disparate impact claim because the complaint failed to allege a disparity between those who opposed vaccination for religious reasons and those who opposed vaccination for non-religious reasons). Accordingly, the disparate impact claim is dismissed.

### B. NYSHRL and NYCHRL Claims

Analogous to his Title VII disparate treatment claim, Murphy brings claims under NYSHRL and NYCHRL for failure to accommodate. *See* FAC at 15, 21. Because "the standards applicable to those claims are either the same or more employee-friendly than the standards applicable to Title VII," the Court must deny Defendants' motion to dismiss the NYSHRL and NYCHRL claims for the same reasons that it denies the motion to dismiss the Title VII disparate treatment claim. *Rizzo*, 2024 WL 3274455, at *3.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Dkt. No. 21) is GRANTED in part and DENIED in part.  The Clerk of Court is directed to terminate the NYPD from this action and terminate Dkt. No. 21.

Dated: December 5, 2025
      New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge